UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ANNE SWANSON, on behalf of herself and all similarly situated individuals

   Plaintiffs,     CASE NO.:

vs.

ARMOR CORRECTIONAL HEALTH SERVICES, INC., a Florida For Profit Corporation,
   Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANNE SWANSON, ("Plaintiff"), files by and through undersigned counsel, hereby sues the Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., a Florida For Profit Corporation pursuant to 29 U.S.C. § 216(b) for unpaid overtime in violation of 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 215(a)(2).

I.  NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers.

1

*Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

## II. PARTIES

1. Plaintiff, ANNE SWANSON, was a Registered Nurse and performed related activities for Defendant in Monroe County, Florida.

2. Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., is a Florida for Profit Corporation that operates and conducts business in Monroe County, Florida, therefore venue is proper in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

3. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

### III. JURISDICTION

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

### IV. COVERAGE

5.  At all material times during the last three years, Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

6.  At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

7.  At all material times relevant to this action (2013-2016), Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., made gross earnings of at least $500,000 annually.

8.  At all material times relevant to this action (2013-2016), Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., had two (2) or more employees handling, selling or otherwise working on goods that have been moved in or produced for such commerce. (i.e. medical equipment, computers, and other related supplies, etc.).

9.  At all material times relevant to this action (2013-2016), Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., had two (2) or more employees engaged in commerce, by ordering, loading or using

supplies from out of the State. (i.e. medical equipment, computers, telephones and other related supplies, etc.).

10. At all material times relevant to this action (2013-2016), Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., has been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

11. At all material times relevant to this action (2013-2016), Defendant, ARMOR CORRECTIONAL HEALTH SERVICES, INC., has been an enterprise involved in interstate commerce by regularly using the telephone or computers between States in order to place and accept business calls or take orders.

12. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## V. FACTUAL ALLEGATIONS

13. Plaintiff worked as a Registered Nurse for the Defendant and performed related activities (i.e. provided and coordinated patient care, monitored, recorded and reported symptoms or changes in patient conditions).

14. Plaintiff worked in this capacity from approximately October, 2010 through November, 2014.

15. Plaintiff was paid an hourly rate in exchange for work performed, her rate of pay was thirty-one and 00/100 ($31.00) per hour.

16. Plaintiff worked in excess of forty (40) hours per week as a part of her regular job duties.

17. Plaintiff was eligible for overtime provided he worked more than forty (40) hours per week.

18. During her employment with Defendant, Plaintiff was not paid time and one-half the regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

(Intentionally Left Blank)

## COLLECTIVE ACTION ALLEGATIONS

19. Plaintiff and other similarly situated Registered Nurses ("class members") performed the same or similar job duties as one another in that they provided patient care to Defendant's patients.

20. Plaintiff and the class members were all paid by the hour.

21. Plaintiff and the class members were all eligible for overtime pay.

22. Plaintiff and the class members were all subject to automatic lunch deductions.

23. Plaintiff and the class members were not always able to take an uninterrupted lunch break, yet they were still subject to automatic lunch deductions.

24. Plaintiff and the class members were subjected to the same pay provisions in that they not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek due to automatic lunch deductions. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

25. This policy or practice was applicable to Plaintiff and the class members.

26. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the

same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

**All "Registered Nurses" who worked for Defendants within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

28. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

29. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

30. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

31. Defendant has failed to maintain accurate records for Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff reincorporates and readopts all allegations contained within paragraphs 1-31 above.

33. Plaintiff was automatically docked for lunch when working for Defendant.

34. Due to the nature of her work, Plaintiff frequently was not able to take a lunch break.

35. At other times, Plaintiff was not able to take an uninterrupted lunch break.

36. Defendant was aware that Plaintiff was not able to take lunch breaks.

37. Plaintiff complained to supervisors that she was not able to take a lunch, including Maureen Curella (sp?). However, Defendant denied Plaintiff's requests to be paid.

38. Other times, Defendant refused to allow Plaintiff to submit the forms Plaintiff submitted indicating she did not take lunch.

39. Yet, Defendant continued to dock Plaintiff for lunch breaks on every shift.

40. As a result, Plaintiff was not paid overtime for all hours worked.

41. Plaintiff is entitled to be paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) hours per work week.

42. During her employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for the same.

43. Defendant failed to include all compensable time in Plaintiff's weekly earnings thereby reducing Plaintiff's overall overtime compensation.

44. Plaintiff, seek payment of unpaid overtime wages within the last three years from the filing of this complaint.

45. Defendant's violations were willful in that they failed to keep accurate time records as required by the FLSA.

46. Defendant's violations were willful in that they refused to post notice of applicable FLSA laws as required by the FLSA.

47. Defendant has been sued by other former employees for similar allegations. *See Haliburton v. Armor Correctional Health Services, Inc. et al*, Case No.: 9:14-cv-80743-WPD (S.D. Fla. June 3, 2014).

48. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff, time and one-half the regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week(s), Plaintiff, have suffered damages plus incurring reasonable attorneys' fees and costs.

49. As a result of Defendant's willful violation of the FLSA, Plaintiff is

entitled to liquidated damages.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

## COUNT TWO - UNJUST ENRICHMENT

51. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 1-31.

52. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form part of the same case or controversy and arise out of a common nucleus of operative facts as his overtime wage claim.

53. Plaintiff performed work without compensation.

54. Plaintiff was not compensated for her work when she was docked for lunch breaks, but was yet unable to take a lunch break or an uninterrupted lunch break.

55. Defendant was aware that Plaintiff was not paid for lunch breaks while continuously docking Plaintiff for lunch breaks.

56. Defendant accepted Plaintiff's work, but Defendant did not compensate Plaintiff for this work.

57. Many of the unpaid work time would not qualify as overtime hours. Thus, Plaintiff is seeking payment of the unpaid work time that she should have been paid and do not qualify as overtime hours worked.

58. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff without proper compensation.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all unpaid hours for the hours worked by her for which Defendant did not properly compensate her that do not qualify as overtime hours worked and all further relief that this Court determines to be just and appropriate.

Dated this 20th day of October, 2016.

**s/ CARLOS V. LEACH, ESQ**
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 425 - 8171
Email:CLeach@forthepeople.com
Attorneys for Plaintiff
